IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 8:21-CV-321 |
| $1,638,055.00 UNITED STATES CURRENCY, | ORDER |
| Defendant, | |
| and | |
| TAYSIR YASIN, | |
| Claimant. | |

The claimant, Taysir Yasin, has filed a motion (filing 16) to set aside the Clerk's entry of default (filing 13) that was entered after he failed to answer the government's complaint (filing 1) within the time provided by law. The government's response to that motion (filing 18) illustrates the deficiencies of Yasin's motion, but Yasin did not reply by the appropriate deadline. *See* NECivR 7.1(c)(1).

Yasin's failure to reply leaves the Court with little explanation for some of the problems the government pointed out. But there is a judicial preference for adjudication on the merits—default judgments are not favored by the law and should be a rare judicial act. *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). The Court will, accordingly, permit Yasin an additional seven days to reply in support of his motion—in the absence of which, the Court will have no choice but to deny the motion and enter a default judgment.

BACKGROUND

The defendant property in this case was initially seized after a traffic stop and search of Yasin's rental vehicle in Nebraska on February 2, 2021. Filing 1 at 1. Yasin was sent a notice of seizure dated February 22 by U.S. Customs and Border Protection (CBP), informing him of his legal options with respect to the seized property—among which was to request that the matter be referred for judicial action. Filing 18-1. Yasin replied through retained counsel, Joseph R. Lopez, claiming the property and electing to have the case referred for court action. Filing 18-2 at 3. Lopez also advised CBP to direct any further proceedings to counsel. Filing 18-2 at 1.

As a result, on August 24, 2021, the government filed its compliant for forfeiture *in rem* of the subject property. Filing 1. Yasin was served personally with the complaint, notice of complaint, and warrant in rem by certified mail delivered on August 26. Filing 8. Copies were also sent to Yasin's retained counsel. Filing 8. The notice of complaint specifically told Yasin and his counsel that pursuant to Fed. R. Civ. P. Supp. R. for Adm. or Maritime Claims & Asset Forfeiture Actions G(5)(b), an answer to the complaint (or a motion under Fed. R. Civ. P. 12) was required within 21 days of filing a claim. Filing 2 at 2.

On September 27, Yasin filed a verified claim *pro se*, alleging only that he was "the lawfull [sic] owner of the seized currency." Filing 9. But no answer was filed, and on October 26, 2021, the government moved for entry of default pursuant to Fed. R. Civ. P. 55(a). Filing 11. The Clerk of the Court entered default as to Yasin and the defendant property on the same day, filing 13, and the government moved for default judgment, filing 14. On November 3, Yasin appeared through local retained counsel and moved to set aside the entry of default. Filing 15; filing 16.

DISCUSSION

Rule 55(c) provides that the Court may set aside an entry of default for "good cause." To determine whether good cause exists, the Court considers the (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default. *Johnson v. Leonard*, 929 F.3d 569, 573-74 (8th Cir. 2019). "Setting aside default is often appropriate for marginal failures when there are meritorious defenses and an absence of prejudice." *Id*. at 573-74 (cleaned up).

But to begin with, Yasin has provided nothing that actually explains his failure to file a timely answer. His motion indicates that he "filed his claim pro se and was unsure of legal representation at that time," but "has now retained Joseph R. Lopez and the Barry [sic] Law Firm from Omaha, Nebraska." Filing 16 at 1. So, he asserts, he "failed to file his answer due to his inadvertence in retaining counsel" and there is good cause to set aside his default because he "had not yet retained counsel in this forfeiture case." Filing 16 at 2. But as the government points out in response, Yasin's initial claim was presented to CBP through retained counsel—Lopez—several months earlier. His purported explanation for failing to file a timely answer is hard to square with the record. Nor did he reply in support of his motion to explain the inconsistency between his motion and the government's response.

And whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party. *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008). The underlying concern is whether there is some possibility that the outcome after a full trial would be contrary to the result achieved by the default. *Id*. And the law is clear on this point: it's the defaulting party's burden to show cause why the entry of default should be set aside, and "the trial court must have before it more than

- 3 -

mere allegations that a defense exists." *Id*. It's not a demanding standard: it requires only "minimally adequate factual support to illustrate the potential viability" of asserted defenses. *Id*.

But here, not only has Yasin not proffered a "meritorious defense": he hasn't proffered any defense, at all, of any kind. His claim simply asserted that the property is his, but that's not a defense to forfeiture—after all, the whole point of the proceeding is to establish that property belonging to someone else is subject to forfeiture under the statute. *See* 21 U.S.C. § 881. And in this case, the Court doesn't even have that much. In the absence of any evidence—or even assertion—of a meritorious defense to the claim, there's no basis to set aside the default. *See Stephenson*, 524 F.3d at 914; *Feeney v. AT & E, Inc.*, 472 F.3d 560, 564 (8th Cir. 2006).

But before imposing such a severe sanction, the Court will afford Yasin one <u>final</u> opportunity to provide the Court with a basis to excuse his default. If Yasin does not reply—and doesn't persuasively explain both his default and his proposed defense to the government's claim—both denial of his motion and a default judgment will swiftly follow.

> IT IS ORDERED that the claimant may respond in support of his motion to set aside default (filing 16) on or before December 7, 2021.

Dated this 30th day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge